UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x

Rafal Leszczynski,

          Plaintiff,           **C.A. No.:**

    -against-           **DEMAND FOR JURY TRIAL**

National Credit Systems, Inc.,

          Defendant(s).

---------------------------------------------------------------x

## COMPLAINT

Plaintiff Rafal Leszczynski ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant National Credit Systems, Inc., ("National") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), due to the fact that this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action for damages for Defendant's violations of 15 U.S.C. § 1692 et seq., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

1

## PARTIES

5. Plaintiff is a resident of the Commonwealth of Pennsylvania, County of Philadelphia.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant National Credit Systems, Inc., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with process its Pennsylvania registered agent, CT Corporation, 600 N 2nd Street, Ste 401, Harrisburg, PA, 17101.

8. Defendant National is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Defendant National was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt, specifically here a personal apartment debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

*National Dispute and Violation*

11. On information and belief, on a date better known to Trans Union, LLC ("Transunion"), a consumer credit reporting agency, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to a National collection account.

12. The inaccurate information furnished by Defendant National and published by Transunion was inaccurate and misleading because this account was not a valid collection account.

13. The original creditor, Thirty-One Brewerytown Flats, had attempted to file a lawsuit and collection a judgment against the Plaintiff.

14. The Court dismissed the lawsuit and held that this debt was not valid.

15. Despite this decree from the Court, National continued to collect this debt on behalf of Thirty-One Brewerytown Flats.

16. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various person and credit grantors, both known and unknown.

17. Plaintiff notified Transunion that he disputed the accuracy of the information being reporting on or around March 19, 2021, specifically stating in a letter sent to Transunion that he was disputing the reporting of this National collection account because the original creditor, Thirty-One Brewerytown Flats, cannot legally collect money from the Plaintiff, as well as the fact he is disputed the amount owed.

18. It is believed and therefore averred that Transunion notified Defendant National of Plaintiff's dispute.

19. Upon receipt of the dispute of the account from Transunion, National failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

20. Notwithstanding Plaintiff's efforts, Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

21. As a result of Defendant's failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to National)

22. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

23. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

24. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

25. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

26. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

27. National violated 15 U.S.C. § 1681 by publishing of inaccurate information; by failing to fully and properly investigate the dispute of the Plaintiff with respect to inaccurate information; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

28. Specifically, National continued to report this account on the Plaintiff's credit report after being notified that the Court had ruled this debt was no longer proper to collect.

29. As a result of the conduct, action and inaction of the Defendant National, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling and detrimental effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

30. The conduct, action and inaction of National was willful, rendering National liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

31. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant National in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Plaintiff, Rafal Leszczynski, an individual demands judgement in his favor against Defendant National for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to National)**

32. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

33. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

34. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

35. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

36. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as Defendant National must be reported to other agencies which were supplied such information.

37. National is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681.

38. After receiving the dispute notice from Transunion, Defendant National negligently failed to conduct its reinvestigation in good faith.

39. A reasonable investigation would require a furnisher such as National to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

40. Had National performed a reasonable investigation it would have found that collection of this account was improper.

41. The conduct, action and inaction of Defendant National was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

42. As a result of the conduct, action and inaction of National, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling and detrimental effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

43. Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant National in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

**WHEREFORE**, Plaintiff, Rafal Leszczynski, an individual, demands judgement in his favor against Defendant National for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
### (Violation of the FDCPA as to National)

44. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

45. Defendant National continued credit reporting and collection of this account after receiving notice of the Plaintiff's dispute is a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e (2), 1695e (5), 1692e(8), 1692(10), 1692f.

**46.** As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

47. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  August 20, 2021

/s/ Antranig Garibian
Antranig Garibian, Esquire
PA Bar No. 94538
1800 John F. Kennedy Blvd, Suite 300
Philadelphia, PA 19103
Phone: (215) 326-9179
ag@garibianlaw.com
*Attorneys for Plaintiff*